**No. 2024-1471, 2024-1472**

---

### United States Courts of Appeals
### For the Federal Circuit

---

**ABC CORPORATION I and ABC CORPORATION II, EBAY INC.,**
*Plaintiffs,*

**HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD.,
UNICORN GLOBAL, INC.,**
*Plaintiffs-Appellants,*

**v.**

**THE PARTNERSHIP AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A", GYROOR US, TOMOLOO OFFICIAL,
TOMOLOO INE, TOMOLOO FRANCHISE, TOMOLOO-US, TOMOLOO,**
*(For Continuation of Caption See Inside Cover)*

---

Appeal from the United States District Court for the Northern District
of Illinois, Chicago Case No. 1:20-cv-04806, Judge Thomas M. Durkin

---

### DEFENDANTS-APPELLES' MOTION FOR SANCTION

Tao Liu
tao.liu@glacier.law
**Glacier Law LLP**
41 Madison Avenue, Suite 2529
New York, NY 10010
Tel: +1332-208-8882

Tianyu Ju
iris.ju@glacier.law
**Glacier Law LLP**
251 S Lake Ave., Ste. 910
Pasadena, CA 91101
Tel: +1 312-448-7772

*Counsel for Defendants-Appellees*

DATED: August 1, 2024

**FLAGSHIP, TOMOLOO TC, TOMOLOO DX, TOMOLOO INT, URBANMAX, GAODESHANGUS, FENGCHI-US, TOMOLOO, also operating standalone websites as Tomoloo.com and Tomolooscooter.com, GYROOR, also operating standalone websites as Gyroor.com and gyroorboard.com, TOMOLOO-NX, AOXTECH, BETTER TOMOLOO, HGSM STOREFRONT, HGSM, GYROSHOES,**

*Defendants*

**GYROOR US, URBANMAX, GAODESHANGUS, FENGCHI-US, GYROOR, also operating standalone websites as gyroor.com and gyroorboard.com, HGSM, GYROSHOES,**

*Defendants-Appellees*

**YANJIN-US,**

*Respondent.*

## CERTIFICATE OF INTEREST

As required by Federal Circuit Rule 47.4(a), I certify the following:

1) The full name of every entity represented in the case by me are:

| |
|---|
| URBANMAX |
| FENGCHI-US |
| GAODESHANGUS |
| GYROOR |
| GYROSHOES |
| HGSM |
| GYROOR-US |

2) For each entity, the name of every real party in interest are: not applicable.

3) There are no parent corporation(s) or publicly held corporation that own ten percent (10%) or more of the stock of each entity represented by me.

4) The names of all law firms, partners, and associates that have not entered an appearance in the appeal, and appeared for the entity in the lower tribunal are:

Wei Wang, Na Zhang and Ruoting Men
Glacier Law LLP
41 Madison Avenue, Suite 2529
New York, NY 10010

Yu-Hao Yao (withdrew)
Glacier Law LLP
251 South Lake Avenue, Suite 910
Pasadena, CA 91101

Danielle Sylvia McKinley (withdrew)
RM Partners Law LLC
305 N. Peoria Street
Suite 200
Chicago, IL 60607

i

Stephen Z. Vegh (withdrew)
Vegh IP Legal
1240 Rosecrans Ave., Suite 120
Manhattan Beach, CA 90266

5) Other than the originating case number(s), the title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal includes:

    a. *Hangzhou Chic Intelligent Technology Co., Ltd. et al v. The Partnerships and Unincorporated Associations Identified on Schedule A*, 1:20-cv-05905, in front of the United States District Court Northern District of Illinois, will be directly or indirectly affected by this Court's decision in the pending appeal.

6) There are no organizational victims in criminal cases or debtors and trustees in bankruptcy cases.

Date: 8/1/2024                     /s/ Tianyu Ju
                                      Tianyu Ju

# **TABLE OF CONTENTS**

CERTIFICATE OF INTEREST ............................................................. i

TABLE OF CONTENTS.................................................................... iii

TABLE OF AUTHORITIES ............................................................. iv

I.    INTRODUCTION ...................................................................... 1

II.   LEGAL STANDARDS............................................................... 1

III.  ARGUMENTS .......................................................................... 3

  A.  PLAINTIFFS-APPELLANTS' APPEAL IS FRIVOLOUS AS FILED. .......................... 3

  B.  PLAINTIFFS-APPELLANTS' APPEAL IS FRIVOLOUS AS ARGUED. ..................... 8

    1.  Plaintiffs-Appellants' argument that the District Court failed to analyze the overall visual impression is frivolous as argued. .................. 8

    2.  Plaintiffs-Appellants' argument that the District Court erroneously resolved disputed facts in Defendants-Appellees' favor is frivolous as argued. ...................................................................... 11

  C.  PLAINTIFFS-APPELLANTS SHOULD BE ORDERED TO PAY THE ATTORNEY FEES AND COSTS DEFENDANTS-APPELLEES INCURRED IN RESPONDING TO PLAINTIFFS-APPELLANTS APPEAL. .............................................. 15

IV.   CONCLUSION ........................................................................ 16

V.    STATEMENT OF OPPOSITION............................................. 17

CERTIFICATE OF SERVICE ........................................................... I

CERTIFICATE OF COMPLIANCE...................................................II

# TABLE OF AUTHORITIES

**Case**                                                                                    **Page**

*ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*,
    52 F.4th 934 (Fed. Cir. 2022) ................................................................*passim*

*Connell v. Sears, Roebuck Co.*,
    722 F.2d 1542, 1554, 220 USPQ 193, 203 (Fed. Cir. 1983) ..........................4

*Finch v. Hughes Aircraft Co.*,
    926 F.2d 1574, 1578 (Fed. Cir. 1991) ........................................................1, 2

*International Ass'n of Machinists & Aerospace Workers v. Boeing Co.*,
    833 F.2d 165, 172 (9th Cir.1987), *cert. denied,* 485 U.S. 1014, 108
    S.Ct. 1488, 99 L.Ed.2d 715 (1988) ................................................................2

*Laitram Corp. v. Cambridge Wire Cloth Co.*,
    919 F.2d 1579, 1583, 16 USPQ2d 1929, 1933 (Fed.Cir.1990) ......................3

*Limerick v. Greenwald*,
    749 F.2d 97, 101 (1st Cir.1984) ....................................................................2

*McConnell v. Critchlow*,
    661 F.2d 116, 118 (9th Cir.1981) ..................................................................3

*Octocom Systems, Inc. v. Houston Computer Servs., Inc.*,
    918 F.2d 937, 943 (Fed.Cir.1990) ................................................................4

*Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*,
    760 F.2d 1045, 1052 (9th Cir.1985) ..............................................................3

*Olympia Co. v. Celotex Corp.*,
    771 F.2d 888, 893 (5th Cir.1985) ..................................................................2

*Refac Int'l, Ltd. v. Hitachi, Ltd.*,
    921 F.2d 1247, 1256, 16 USPQ2d 1347, 1354 (Fed.Cir.1990) ......................3

*Romala Corp. v. United States*,

iv

927 F.2d 1219, 1222 (Fed. Cir. 1991) ............................................................2

*Spiegel v. Continental Illinois Nat'l Bank,*
790 F.2d 638, 650 (7th Cir.), *cert. denied,* 479 U.S. 987, 107 S.Ct.
579, 93 L.Ed.2d 582 (1986)............................................................................3

*State Indus., Inc. v. Mor–Flo Indus., Inc.,*
948 F.2d 1573, 1578 (Fed. Cir. 1991) .....................................................2, 3, 7

*Trecker v. Scag,*
747 F.2d 1176, 1180 (7th Cir.1984), *cert. denied,* 471 U.S. 1066, 105
S.Ct. 2140, 85 L.Ed.2d 498 (1985)................................................................2

*Walker v. Health Int'l Corp.,*
845 F.3d 1148, 1156 (Fed. Cir. 2017) ...........................................................2

## Rules

Fed. R. App. P. 38 ...........................................................................................1

# I.   INTRODUCTION

Defendants-Appellees Gyroor-US, Gyroor, Urbanmax, GaodeshangUS, Fengchi-US, Gyroshoes, and HGSM (collectively as "Defendants-Appellees") move for sanctions against Plaintiff-Appellants Hangzhou Chic Intelligent Technology Co., Ltd. and Unicorn Global, Inc. ("Plaintiffs-Appellants") for filing the frivolous appeal, for attorney fees and costs that Defendants-Appellees incurred in responding to this appeal. This motion is made pursuant Rule 38 of the Federal Rules of Appellate Procedure.

# II.   LEGAL STANDARDS

"Access to the appellate courts is an important value in our system of justice." *Finch v. Hughes Aircraft Co*., 926 F.2d 1574, 1578 (Fed. Cir. 1991). "[A]ppellate courts must consider the importance of conserving scarce judicial resources [and therefore a] frivolous appeal imposes costs not only upon the party forced to defend it, but also upon the public whose taxes supporting this court and its staff are wasted on frivolous appeals." *Id*. "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. "Frivolous appeals waste both the public resources supplied to this court and the resources of prevailing litigants that must defend such

frivolous actions." *Walker v. Health Int'l Corp*., 845 F.3d 1148, 1156 (Fed. Cir. 2017).

An appeal can be frivolous in two ways: as filed and as argued. An appeal is frivolous as filed when "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue." *State Indus., Inc. v. Mor–Flo Indus., Inc.*, 948 F.2d 1573, 1578 (Fed. Cir. 1991) (quoting *Finch*, 926 F.2d at 1579–80).

An appeal is frivolous as argued when "the post-filing conduct of the litigant in arguing the appeal" is frivolous. *Id*. (quoting *Romala Corp. v. United States*, 927 F.2d 1219, 1222 (Fed. Cir. 1991)). The sorts of post-filing conduct that this and other circuit courts have determined to be frivolous under Rule 38 include: submitting rambling briefs that make no attempt to address the elements requisite to obtaining reversal, *Olympia Co. v. Celotex Corp.,* 771 F.2d 888, 893 (5th Cir.1985); filing numerous documents containing irrelevant arguments and authority, *Limerick v. Greenwald,* 749 F.2d 97, 101 (1st Cir.1984); seeking to relitigate issues already adjudicated, *International Ass'n of Machinists & Aerospace Workers v. Boeing Co.,* 833 F.2d 165, 172 (9th Cir.1987), *cert. denied,* 485 U.S. 1014, 108 S.Ct. 1488, 99 L.Ed.2d 715 (1988); *Trecker v. Scag,* 747 F.2d 1176, 1180 (7th Cir.1984), *cert. denied,* 471 U.S. 1066, 105 S.Ct. 2140, 85 L.Ed.2d 498 (1985); failing to explain how the lower tribunal erred or to present clear or cogent arguments for overturning

the decision below, *Refac Int'l, Ltd. v. Hitachi, Ltd.,* 921 F.2d 1247, 1256, 16 USPQ2d 1347, 1354 (Fed.Cir.1990); *Spiegel v. Continental Illinois Nat'l Bank,* 790 F.2d 638, 650 (7th Cir.), *cert. denied,* 479 U.S. 987, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986); failing to exclude from the appeal individual opponents as to whom there is no basis for appeal, *McConnell v. Critchlow,* 661 F.2d 116, 118 (9th Cir.1981); rearguing frivolous positions for which sanctions had already been imposed in the trial forum, *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.,* 760 F.2d 1045, 1052 (9th Cir.1985); citation of inapplicable or irrelevant authorities, *Laitram Corp. v. Cambridge Wire Cloth Co.,* 919 F.2d 1579, 1583, 16 USPQ2d 1929, 1933 (Fed.Cir.1990); misrepresenting facts or law to the court, *Laitram,* 919 F.2d at 1583, 16 USPQ2d at 1933. Such appeals, though not necessarily frivolous as *filed,* are held to be frivolous as argued.

### III.    ARGUMENTS

**A.    Plaintiffs-Appellants' Appeal Is Frivolous as Filed.**

An appeal as to which "no basis for reversal in law or fact can be or is even arguably shown…is considered frivolous as filed because it unnecessarily wastes the limited resources of the court as well as those of the appellee, and therefore should never have been filed at all." *State Indus.*, 948 F.2d at 1578.

Plaintiffs-Appellants' appeal turns on with only one ultimate issue: whether the District Court erroneously granted Defendants-Appellees' Summary Judgment

of Non-infringement. In order to support their opinions, Plaintiffs-Appellants'
further argue that the District Court misapplied the ordinary observer test,
improperly considered the hourglass shape, and erroneously resolved disputed facts.
Plaintiffs-Appellants Opening Brief, Dkt. No. 19. Obviously, Plaintiffs-Appellants'
appeal is primarily based on the laws that have been confirmed and the issues that
have already been determined by the Federal Court, where there is no basis for
reversal in law or fact can be or is even arguably shown. *See Octocom Systems, Inc.
v. Houston Computer Servs., Inc.,* 918 F.2d 937, 943 (Fed.Cir.1990) ("[A]n appeal
is frivolous where 'no basis for reversal in law or fact can be or is even arguably
shown.'") (quoting *Connell v. Sears, Roebuck Co.*, 722 F.2d 1542, 1554, 220 USPQ
193, 203 (Fed. Cir. 1983).

On October 28, 2022, the Federal Circuit entered an Order vacating the two
preliminary injunction orders obtained by Plaintiffs-Appellants by stating that
Plaintiffs-Appellants have failed to show a likelihood of success in establishing
infringement. (Appx9067, Appx9069). In that Order, the Federal Circuit affirmed
that "where a dominant feature of the patented design and the accused products—
here the hourglass shape—appears in the prior art, the focus of the infringement
substantial similarity analysis in most cases will be on other features of the design".
*ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*,
52 F.4th 934, 943-44 (Fed. Cir. 2022). After conducting a thorough analysis, the

4

Federal Circuit continued by stating, "Even a cursory review of the four accused products shows that they are different from each other, display features not found in the asserted patents, and lack features shown in the asserted patents". *Id*. The Federal Circuit further held that "[f]or example, Accused Product D, see Appendix A, has prominent features that differ from the asserted patents. First, the overall shape is different—while the asserted patents have a smooth, hourglass body, Product D has a more angular shape with wheel caps that give the impression of a figure 8. Second, the wheel covers of Accused Product D have a distinctive boxy appearance as compared to the asserted patents. Accused Product D's wheel covers cover less of the wheel than the asserted patents and have angled, rather than curved, edges." *Id*. Thus, the Federal Circuit concluded that Defendants-Appellees' accused products are not similar to Plaintiffs-Appellants' patents-in-suit.

Moreover, after the Federal Circuit's Order vacated the two preliminary injunctions, Plaintiffs-Appellants filed Renewed Motion for Temporary Restraining Order and Preliminary Injunction against Defendants-Appellees, which was also denied by the District Court. The District Court rejected Plaintiffs-Appellants' expert Mr. Hatch's opinion because he "does not explain why simply featuring pronounced footings and open fenders means the accused products are substantially similar to the patents in suit while the prior art is in another 'ballpark.'" (Appx9085). Further, Mr. Hatch's analysis "stops at the fact that both the patents in suit and the

5

accused products merely possess these features" and "failed to conduct an analysis of whether these features themselves are substantially similar in the manner of their design, which is where 'the focus' of the analysis must be." (Appx9086). Then, in rejecting Plaintiffs-Appellants' argument that Defendants-Appellees fail to compare the "overall impressions" of the patents-in-suit and the accused products, the District Court finds that "it is impossible to consider a design's overall impression without examining its details…In other words, the overall impression is embodied in the details." (Appx9107-9108). The District Court, following the Federal Circuit's instructions, "examined the details of each design to understand the overall impression of each and compare them" and the "analysis demonstrates that a reasonable jury could find that the accused products are not substantially similar to the patents-in-suit." *Id*.

On January 12, 2024, the District Court granted Defendants-Appellants' Motion for Summary Judgment of Non-Infringement. (Appx20). Following the Federal Circuit's instructions and precedent closely, the District Court properly applied the ordinary observer test through a product-by-product analysis. Given that the Federal Circuit had previously determined that a dominant feature of the patented design – here the "hourglass shape" – appears in the prior art, the District Court focused on other features of the designs and identified significant differences in comparing the accused products and the patents-in-suit. (Appx 5-17). The District

Court linked these differences with the overall appearance of the designs, stating that "the relevant features are all designed differently than the features of any of the patents-in-suit. These differently designed features combine to create an overall effect that is not substantially similar to any of the three patents-in-suit." *Id*. "For these reasons, the Court finds that no reasonable juror could find [accused products] to be substantially similar to any of the patents-in-suit." *Id*. The District Court's Order granting Defendants-Appellees' Motion for Summary Judgement is plainly correct and consistent with the Federal Circuit's Order dated October 28, 2022.

Further, there is no basis for reversal in fact can be even arguably shown as Plaintiffs-Appellants' flawed expert reports by Mr. Hatch have been repeatedly criticized and rejected by the Federal Court and the District Court. Plaintiffs-Appellants' blindly reliance on the inadmissible and unreliable expert testimony in support of their appeal also demonstrates their frivolousness. Plaintiffs-Appellants' appeal "unnecessarily wastes the limited resources of the court as well as those of the appellee, and therefore should never have been filed at all," *State Indus., Inc. v. Mor-Flo Indus., Inc*., 948 F.2d 1573, 1578 (Fed. Cir. 1991).

Thus, Plaintiffs-Appellants' appeal is frivolous as field, and they should be sanctioned for filing this frivolous appeal.

**B.** **Plaintiffs-Appellants' Appeal Is Frivolous as Argued.**

Courts also award sanctions on an appeal that is frivolous as argued. Actions such as urging irrelevant arguments and authority, seeking to re-litigate issues already adjudicated, and misrepresenting facts or law warrant sanctions. *Finch*, 926 F.2d at 1579. An Appeal is frivolous as argued if the appellant "manufactur[ed] arguments by distorting the record, by disregarding or mischaracterizing the clear authority against its position, and by attempting to draw illogical deductions from the facts and the law." *Walker*, 845 F.3d at 1154.

For the reasons explained below, each of Plaintiffs-Appellants' issues raised through their appeal are frivolous.

**1. Plaintiffs-Appellants' argument that the District Court failed to analyze the overall visual impression is frivolous as argued.**

Plaintiffs-Appellants' argument that Defendants-Appellants and the District Court failed to analyze the overall visual impression of the design as a whole is distorting the record. Plaintiffs-Appellants Opening Brief, Dkt. No. 19.

Reviewing from the record, the District Court clearly undertook a side-by-side analysis showing that the accused products' relevant features – those other than that dominant hourglass shape – are all designed differently than the features of any of the patents-in-suit, which combine to create an overall effect that is not substantially similar to any of the patents-in-Suit. (Appx7-17). When viewing as a whole, the fenders, the midpoint of the hourglass ("neck"), and the designs of the

footpads and lights, are significant differences between the ornamental features of the patents-in-suit and accused products and standout against the dominant background hourglass shape with wheels at opposing ends. *Id*. The District Court analyzed the "entirely different" fenders, combined with the other significantly different features, including the "necks," "footpads," "lights" and other decorative designs, and found that these differences combine to create an overall effect that the accused products are not substantially similar to the patents-in-suit. (Appx20-25). By examining how the details of each design contribute to their overall effects, the District Court concluded that "no reasonable juror could find Product A to be substantially similar to any of the patents-in-suit." (Appx5-7).

Indeed, the District Court's analysis is replete with the terms such as "overall appearance," "overall effect," "overall impression," "as a whole," and "combine". (Appx 4, 5, 7, 10, 12, 14, 15,17-19). However, Plaintiffs-Appellants blindly and frivolous argue that the "District Court's use of these terms does not account for the lack of analysis regarding how these features contribute to the overall design, or how the overall design—rather than simply the individual features—of the accused products is not substantially similar to the Patents-in-Suit." Reply. Br. at 7. Indeed, the District Court's analysis aligns with the Federal Circuit's methods for examining the differences between the accused products and the patents-in-suit. *ABC Corp.*, 52 F.4th at 944.

9

Plaintiffs-Appellants and their expert Mr. Hatch "acknowledged in his testimony that the accused products differ from the patents in suit in (1) the shape and size of their fenders; (2) the designs of the grooves on the footing areas; (3) and the shapes of the lights." (Appx9084-9085). However, they declined to mention these significant differences because they could not reasonably explain how the accused products are similar to the patents-in-suit in light of these substantial differences. The District Court correctly noted that "the overall impression is embodied in the details." (Appx9108). Plaintiffs-Appellants frivolously argue that the District Court failed to analyze the overall appearance but only describe the differences of the features in isolation. Reply. Br., at 12. Ironically, when Plaintiffs-Appellants attempt to describe the similarities between the accused products and the patents-in-suit, they also describe the features in isolation by stating that "an integrated hourglass body with a relatively flat surface across the top of the main body, pronounced 'footing' areas, and open-arched fenders over the top of the wheel area." *Id*. at 18. Plaintiffs-Appellants' arguments are self-contradictory and difficult to justify.

Thus, Plaintiffs-Appellants' argument that Defendants-Appellants and the District Court failed to analyze the overall visual impression of the design as a whole is distorting the record and should be found frivolous as argued.

10

**2. Plaintiffs-Appellants' argument that the District Court erroneously resolved disputed facts in Defendants-Appellees' favor is frivolous as argued.**

*First*, Plaintiffs-Appellants' appeal is frivolous as argued because they mischaracterized the clear authority. *Walker*, 845 F.3d at 1154. Plaintiffs-Appellants argue that the District Court should not grant a summary judgment when the accused products are not plainly dissimilar with the patents-in-suit. Reply. Br., at 21. This position is clearly wrong and contrary to the Federal Court's authorities. It is well-established, as correctly noted in the District Court's Summary Judgement Order, that "the Federal Circuit affirmed a grant of summary judgment to the alleged infringer, holding that 'no reasonable fact-finder could find that [the plaintiff] met its burden of showing, by a preponderance of the evidence, that an ordinary observer, taking into account the prior art, would believe the accused design to be the same as the patented design.'" (Appx 2). "Thus, where appropriate, courts, in applying the ordinary observer test, both before and after *Egyptian Goddess*, have not hesitated to grant summary judgment based on a mere visual comparison of the patented design and the accused product." *Id*. The District Court correctly finds that no reasonable juror could find that any of the accused products are substantially similar to any of the patents-in-suit and thus granted Defendants-Appellees' Motion for Summary Judgement of Non-Infringement. (Appx 19-20).

11

*Second*, Plaintiffs-Appellants' argument that there are genuine factual disputes is entirely unfounded and frivolous. Plaintiffs-Appellants solely relied on their unreliable and rejected expert reports to present the alleged evidence. Reply, Br., at 22. Mr. Hatch's analysis, even if not excluded for being untimely, has been repeatedly criticized and rejected by the District Court, and is unable to create any disputed facts. The District Court rejected Mr. Hatch's opinion because he "does not explain why simply featuring pronounced footings and open fenders means the accused products are substantially similar to the patents in suit while the prior art is in another 'ballpark.'" (Appx9085). Mr. Hatch merely identified those aspects such as flat surface, pronounced footings and open-arched fenders featured by the patents-in-suits and the accused products, but "stops at the fact that both the patents in suit and the accused products merely possess these features." (Appx9086). Mr. Hatch "failed to conduct an analysis of whether these features themselves are substantially similar in the manner of their design, which is where 'the focus' of the analysis must be." *Id*. (*citing ABC Corp*, 52 F.4th at 942). Moreover, Mr. Hatch concluded that the accused products are not plainly dissimilar with the patents-in-suit without providing any analysis or explanation. (Appx 10413-10453). Mr. Hatch ignored the undisputed facts that the accused products are different from each other, display features not found in the patents-in-suit, and lack features shown in the patents-in-suit, as opined by the Federal Circuit. *ABC Corp. I*, 52 F.4th at 944. Mr. Hatch disregarded the

Federal Circuit's decisions by providing no explanations for these differences. Thus, there is no basis for arguing disputed facts solely based on Plaintiffs-Appellants' flawed expert reports. *Egyptian Goddess, Inc. v. Swisa, Inc*., 543 F.3d 665, 682, (Fed. Cir. 2008) (In the *Egyptian Goddess* case, the Federal Circuit affirmed the summary judgment of noninfringement and found that the patentee's expert failed to present any nonconclusory testimony as to why an ordinary observer would find that accused design to be more similar to the claimed design than to the prior art and the accused infringer presented evidence that purchasers considered the number of sides having a pad important and would easily distinguish between a block with pads on three sides from a block with pads on four sides.).

*Third*, Plaintiffs-Appellants' argument that the District Court erroneously resolved the disputed fact in favor of Defendants-Appellees is an attempt to relitigate the issues already adjudicated and reargue their frivolous positions. What Plaintiffs-Appellants' appeal is that the District Court erroneously granted Summary Judgment of Non-infringement in favor of Defendants-Appellees, which issues have already been decided by the Federal Circuit and the District Court for at least three (3) times as follows:

On October 28, 2022, the Federal Circuit entered an Order vacating the two preliminary injunction orders obtained by Plaintiffs-Appellants by stating that Plaintiffs-Appellants have failed to show a likelihood of success in establishing

13

infringement. (Appx9067, Appx9069); *See also ABC Corp. I*, 52 F.4th at 943. After conducting a thorough analysis, the Federal Circuit continued by stating, "Even a cursory review of the four accused products shows that they are different from each other, display features not found in the asserted patents, and lack features shown in the asserted patents". *Id*.

On December 2, 2022, the District Court denied Plaintiffs-Appellants' Renewed Motion for Temporary Restraining Order and Preliminary Injunction. (Appx9075). In the issued Order, the District Court affirmed that Plaintiffs-Appellants' have failed to demonstrate a sufficient likelihood of success on the merits and a reasonable jury could find that the accused products are not substantially similar to the patents in suit. *Id*.

On January 12, 2024, the District Court also noted in its Summary Judgment Order in finding that Defendants-Appellees' accused products do not infringe on the patents-in-suit, stating, "the Federal Circuit affirmed a grant of summary judgment to the alleged infringer, holding that 'no reasonable fact-finder could find that [the plaintiff] met its burden of showing, by a preponderance of the evidence, that an ordinary observer, taking into account the prior art, would believe the accused design to be the same as the patented design.'" (Appx2). "'Thus, where appropriate, courts, in applying the ordinary observer test, both before and after *Egyptian Goddess*, have not hesitated to grant summary judgment based on a mere visual comparison of the

patented design and the accused product.'" (Appx2). The District Court concludes that no reasonable juror could find that any of the accused products are substantially similar to any of the Patents-in-Suit. (Appx 19-20).

Thus, Plaintiffs-Appellants' argument that the District Court erroneously resolved the disputed fact in favor of Defendants-Appellees is a mischaracterization of the clear authority against their position and an attempt to relitigate the issues already adjudicated and reargue frivolous positions, and this should be found as frivolous as argued.

## C. Plaintiffs-Appellants Should Be Ordered To Pay The Attorney Fees And Costs Defendants-Appellees Incurred In Responding To Plaintiffs-Appellants Appeal.

Although the Federal Circuit rarely exercises its authority to sanction a party for a frivolous appeal, sanctions are appropriate here as this appeal is frivolous both as filed and as argued. Defendants-Appellees should not have had to respond to the appeal, incurring substantial attorney fees and costs in the process. as this Court recognized in *Finch*, supra, the costs a frivolous appeal imposes on the public support sanctions:

> A frivolous appeal imposes costs not only upon the party forced to defend it, but also upon the public whose taxes supporting this court and its staff are wasted on frivolous appeals…. Sanctions under Rule 38 thus perform two vital functions: They compensate the prevailing party for the expense of having to defend a wholly meritless appeal, and by deterring frivolity, they preserve the appellate calendar for cases truly worthy of consideration.

15

*Finch*, 926 F.2d at 1578 (internal citations omitted).

In the appellate setting, counsel is in a position to determine whether a legitimate basis for an appeal exists. *See, e.g., Chemical Engineering Corp. v. Marlo Inc*., 754 F.2d 331, 335 (Fed. Cir. 1990) (assessing a sanction of attorney fees and costs against the appellant's counsel "where counsel is fully aware of the total absence from the record of any basis for appeal, an absence rendering the appeal clearly frivolous"). But as the client, Plaintiffs-Appellants were ultimately responsible for the decision to appeal. Accordingly, Plaintiffs-Appellants and their counsel should be jointly and severally liable for payment of the sanction. *See S. Bravo Systems, Inc. v. Containment Technologies Corp*., 96 F.3d 1372, 1377 (Fed. Cir. 1996) ("In light of the character of the conduct we are sanctioning, we hold that [the appellant] and its counsel shall be jointly and severally liable for payment of the damages assessed."); *State Industries,* 948 F.2d at 1582 (holding the appellant and its client jointly and severally liable for payment of sanction because appellant ultimately authorized the decision to file the appeal, but appellant's counsel identified no legitimate basis for the appeal).

If this Motion is granted, Defendants-Appellees will provide a detailed statement of the attorney fees and costs they incurred in connection with this appeal.

## IV.   CONCLUSION

For the foregoing reasons, the Court should determine that Plaintiffs-Appellants' appeal is frivolous under Rule 38, and award Defendants-Appellees their attorneys' fees (including the fees incurred in filing this motion and in defending this appeal), and any other relief this Court deems appropriate.

## V.    STATEMENT OF OPPOSITION

Counsel for the parties discussed this Motion on July 29, 2024 (as required by Fed. Cir. R. 27(a)(2)), and counsel for Plaintiffs-Appellants indicated that Plaintiffs-Appellants will oppose this motion and file a response. The parties might propose appropriate extensions for filing response and reply to this Motion after this Motion is filed.

Respectfully Submitted:

Date: 8/1/2024    /s/ Tianyu Ju

Tianyu Ju
Iris.Ju@glacier.law
Glacier Law LLP
251 S Lake Avenue, Ste 910
Pasadena, CA 91101

Tao Liu
Tao.Liu@glacier.law
Glacier Law LLP
41 Madison Avenue, Ste 2529
New York, NY 10010

Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587
*Attorneys for Defendants-Appellees*

17

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2024, I electronically filed the foregoing DEFENDANTS-APPELLEES' MOTION FOR SANCTION with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. Those who are not will be served by e-mail/regular mail.

Date: 8/1/2024                    /s/ Tianyu Ju
                                   Tianyu Ju
                                   iris.ju@glacier.law
                                   *Counsel for Defendants-Appellees*

I

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Fed. R. App. P. 27(d), the undersigned counsel for Defendants-Appellees certifies that the foregoing brief complies with the type-volume limitation and contains 4833 words, excluding the parts exempted by Fed. R. App. P. 32(f).

Date: 8/1/2024                    /s/ Tianyu Ju

                                   Tianyu Ju
                                   Iris.Ju@glacier.law
                                   *Counsel for Defendants-Appellees*