**2024-1471, 2024-1472**

# United States Court of Appeals
# for the Federal Circuit

---

ABC CORPORATION I, ABC CORPORATION II, EBAY, INC.,

*Plaintiffs,*

HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD.,
UNICORN GLOBAL, INC.,

*Plaintiffs-Appellants,*

– v. –

THE PARTNERSHIP AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A", TOMOLOO OFFICIAL, TOMOLOO INE,
TOMOLOO FRANCHISE, TOMOLOO-US, TOMOLOOFLAGSHIP,

*(For Continuation of Caption See Inside Cover)*

On Appeal from the United States District Court for the Northern District of
Illinois Case No. 1:20-cv-04806, Thomas M. Durkin, Judge

## PLAINTIFFS-APPELLANTS' RESPONSE IN OPPOSITION TO
## DEFENDANTS-APPELLEES' MOTION FOR SANCTIONS

ADRIANNA M. CHAVEZ
STINSON LLP
1850 N. Central Avenue
Suite 2100
Phoenix, Arizona 85004
(602) 212-8589
adrianna.chavez@stinson.com

RICHARD J.L. LOMUSCIO
STINSON LLP
100 Wall Street
Suite 201
New York, NY 1005
(646) 883-7475
richard.lomuscio@stinson.com

*Counsel for Plaintiffs-Appellants*

FILED: August 12, 2024

TOMOLOO TC, TOMOLOO DX, TOMOLOO INT, TOMOLOO, also operating standalone websites as tomoloo.com and tomoloo-scooter.com, TOMOLOO-NX, AOXTECH, BETTER TOMOLOO, HGSM STOREFRONT,

*Defendants,*

GYROOR US, URBANMAX, GAODESHANGUS, FENGCHI-US, GYROOR, also operating standalone websites as gyroor.com and gyroorboard.com, HGSM, GYROSHOES,

*Defendants-Appellees,*

YANJIN-US,

*Respondent.*

# I.    CERTIFICATE OF INTEREST

| 1. Represented Entities (Fed. Cir. R. 47.4(a)(1)) | 2. Real Party in Interest (Fed. Cir. R. 47.4(a)(2)) | 3. Parent Corporations and Stockholders (Fed. Cir. R. 47.4(a)(3)) |
|---|---|---|
| Hangzhou Chic Intelligent Technology Co., Ltd. | None | None |
| Unicorn Global, Inc. | None | None |

**4. Legal Representatives (Fed. Cir. R. 47.4(a)(4))** – The names of all law firms and the partners or associates that appeared for Hangzhou Chic Intelligent Technology Co., Ltd. and Unicorn Global, Inc. before the United States District Court or are expected to appear in this Court are:

**Tarter Krinsky & Drogin LLP**
Mark Berkowitz
Chandler Elizabeth Sturm

**Palmersheim & Mathew**
Anand C. Mathew

**Honigman LLP**
Robert John Palmersheim
Timothy Gerrit Parilla

**Loeb & Loeb LLP**
Arthur Tan-chi Yuan
Neil Gerard Nandi
Adam Glenn Kelly
Christopher Gerald Binns
Douglas N. Masters
Jonathan Thielbar
Marwa Adlan Abdelaziz

**5. Other than the originating case number(s), the title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal (Fed. Cir. R. 47.4(a)(5)):**

*Hangzhou Chic Intelligent Technology Co., Ltd. et al. v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:20-cv-05905 (N.D. Ill.)

**6. Organizational victims in criminal cases and debtors and trustees in bankruptcy cases (Fed. Cir. R. 47.4(a)(6)):**

None/not applicable.

I certify that the foregoing information is accurate and complete to the best of my knowledge.

By:  /s/ Richard J.L. Lomuscio
      Richard J.L. Lomuscio

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ........................................................... i

TABLE OF CONTENTS ................................................................... iii

TABLE OF AUTHORITIES ............................................................. iv

I.   INTRODUCTION ...................................................................1

II.  RELEVANT PROCEDURAL BACKGROUND ...........................3

III. LEGAL STANDARD .............................................................5

IV.  ARGUMENT ..........................................................................6

    A.   This Appeal Is Not Frivolous As Filed. ......................................7

    B.   This Appeal Is Not Frivolous As Argued. .................................11

V.   CONCLUSION .....................................................................16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abbs v. Principi*,
    237 F.3d 1342 (Fed. Cir. 2001) ...................................................................10, 12

*ABC Corp. I v. P'ship & Unincorporated Ass'n Identified on Schedule*
    *"A"*,
    52 F.4th 934, 944 (Fed. Cir. 2022) ....................................................... 4, 7, 8, 11

*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories,*
    *Inc.*,
    942 F.3d 1119 (Fed. Cir. 2019) ........................................................................14

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
    543 F.3d 665 (Fed. Cir. 2008) ....................................................................13, 14

*Finch v. Hughes Aircraft Co.*,
    926 F.2d 1574 (Fed. Cir. 1991) ..................................................................10, 12

*S. Bravo Sys., Inc. v. Containment Techs. Corp.*,
    96 F.3d 1372 (Fed. Cir. 1996) .........................................................................10

*Sparks v. Eastman Kodak Co.*,
    230 F.3d 1344 (Fed. Cir. 2000) .........................................................................5

**Other Authorities**

Fed. Cir. R. 27 .................................................................................................3

Fed. R. App. P. 28 .........................................................................................12

Fed. R. App. P. 38 ....................................................................................... 5, 6

# I.  <u>INTRODUCTION</u>

Plaintiffs-Appellants Hangzhou Chic Intelligent Technology Co., Ltd. and Unicorn Global, Inc. ("Plaintiffs") respectfully submit this memorandum of law in opposition to the motion seeking to find this appeal frivolous and awarding attorneys' fees and costs pursuant Federal Rule of Appellate Procedure 38 ("Motion") of Defendants-Appellees' Gyroor-US, Gyroor, Urbanmax, GaodeshangUS, Fengchi-US, Gyroshoes, and HGSM (collectively, "Defendants"). Improperly relying on conclusory statements and ignoring that the District Court rejected similar arguments in an order issued after this appeal was filed (which is notably omitted by Defendants), Defendants fail to establish that Plaintiffs' appellate positions are frivolous, improper, or in any way sanctionable.  At best, the Motion is Defendants' transparent attempt to further address Plaintiffs' briefing in this appeal and regurgitate arguments already raised in Defendants' substantive appellate briefing.  As in that briefing, Defendants' meandering and hyperbolic recounting of the events preceding the summary judgment decision fail to support the District Court's errors let alone demonstrate that Plaintiffs have no basis for this appeal such that its pursuit would be "frivolous".  In fact, Plaintiffs' appellate briefing illustrates that the District Court committed reversible error in granting summary judgment. Accordingly, Defendants' mischaracterization of the record, law, and facts should be rejected and the Motion denied.

Moreover, Defendants' accusations that Plaintiffs' arguments are "self-contradictory" and that Plaintiffs misstated "clear authority," (Motion at p. 10, 11, 22), are baseless. On the contrary, Plaintiffs' arguments that the District Court overstepped into the fact-finding role of the jury and misapplied the ordinary observer test by discrediting the overall visual impression of the patented designs and focusing too much on trivial differences in small details of the designs, are supported with citations to admissible evidence in the record and fully consider the relevant procedural history of this case, including the prior appeals. The mere fact that Defendants disagree with controlling law, the facts, or Plaintiffs' position provides no ground for sanctions against Plaintiffs or their counsel.

The Motion should be viewed for what it is—a tactical attempt at an unsanctioned sur-reply—by rehashing and elaborating on arguments from their responding brief on appeal (ECF 24), Defendants' improper attempt to have the last written word before oral argument simply lacks merit. If Plaintiffs truly believed that Defendants' positions were wholly without merit, then they would have appealed the District Court's order denying sanctions against Defendants. Plaintiffs did not and they should not be given a second and procedurally deficient bite at the proverbial apple by this Court. The Motion should be denied.

## II.    RELEVANT PROCEDURAL BACKGROUND

The District Court rejected arguments similar to the arguments Defendants now raise in the Motion regarding alleged frivolousness of Plaintiffs' positions. On March 8, 2024, Defendants filed a motion for sanctions requesting that the District Court find this case exceptional and awarding attorneys' fees to the Defendants, raising virtually the same arguments that are asserted herein.  (*See* ECF No. 710.)  In an Opinion and Order dated July 2, 2024, the District Court denied Defendants' request, rejecting the contentions that the Plaintiffs' (1) motion for injunctive relief after the Federal Circuit vacated the existing injunctions, (2) opposition to summary judgment, and (3) the instant appeal of District Court's summary judgment order, were frivolous and baseless.  (*See* ECF No. 721, "Order")[1].

As to the motion for injunctive relief, Defendants argued below, as they do now, that Plaintiffs' arguments are frivolous and baseless after this Court's ruling vacating the earlier injunctions.  (ECF 721 at 10-11.)  The District Court, aptly and explicitly, pointed out and corrected Defendants' mischaracterization of this Court's statement that "'[e]ven a cursory review of the four accused products shows that they are different from each other, display features not found in the asserted patents, and lack features shown in the asserted patents'", explaining that the statement was

---

[1] The District Court's Opinion and Order, dated July 2, 2024 and entered after the Joint Appendix (Dkt. 28), is attached hereto pursuant to Fed. Cir. R. 27(d).

made in the context of determining the sufficiency of the District Court's analysis of the products in the aggregate was not sufficient under *Egyptian Goddess*, not "in the context of a ruling on the merits of the alleged infringement." (Order at 11, quoting *ABC Corp. I v. P'ship & Unincorporated Ass'n Identified on Schedule "A"*, 52 F.4th 934, 944 (Fed. Cir. 2022)). Yet, Defendants continue to mischaracterize and rely on this statement, taken out of context, as a basis for their argument that this appeal is frivolous. (Motion at 11-12, 21.)

In curing the deficiencies identified in their earlier expert report by this Court, on remand from the Federal Circuit's order vacating the injunctions, Plaintiffs provided the District Court with an updated expert analysis in a renewed motion for injunctive relief, which the District Court concluded was "not so devoid of substance that it warrants a finding of exceptionality." (Order at 11). Defendants' Motion misstates the record in referring to Plaintiffs' expert's (Mr. Hatch) reports as "inadmissible and unreliable" and "repeatedly criticized and rejected by the Federal Court and District Court" (Motion at 14)—implying both that Plaintiffs relied on the same expert report as from the earlier appellate record and that the District Court excluded Mr. Hatch's reports—neither of which are true.

Similarly, the District Court held that while it takes no position of the merits of the pending appeal, "the arguments Plaintiffs raised in opposition [to summary judgment] … did not stand out as objectively unreasonable or offered in bad

faith." *Id.*  While the lower court ultimately found Plaintiffs' positions unavailing, it considered the briefing on the motion for injunctive relief, summary judgment opposition, and the instant appeal to be "reasonably limited and timely", "not frivolous", and lacking any "evidence that suggests Plaintiffs took these actions in an effort to prolong the litigation as opposed to simply litigating this case in the normal course." (Order at 12).  Accordingly, the District Court did not find that the imposition of sanctions was warranted.  (Order at 13-14).  Defendants did not appeal the District Court's Order denying their request for sanctions.

### III.    LEGAL STANDARD

Under Rule 38, a court may assess sanctions for a frivolous appeal.  Fed. R. App. P. 38.  An appellate court's authority to award sanctions pursuant to Rule 38 is "linked to the merits of, and the party's conduct during, the appeal." *Id.*  This Court has explained that an appeal may be frivolous in two ways.  An appeal may be "frivolous as filed" when an appeal is grounded in arguments or issues "that are beyond the reasonable contemplation of fair-minded people, and 'no basis for reversal in law or fact can be or is even arguably shown.'" *Sparks v. Eastman Kodak Co.*, 230 F.3d 1344, 1345 (Fed. Cir. 2000) (citing *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 948 F.2d 1573, 1578 (Fed. Cir. 1991) (quoting *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1554 (Fed. Cir. 1983))).  An appeal may be "'frivolous as argued' when an appellant 'has not dealt fairly with the Court, has significantly misrepresented the

law or facts, or has abused the judicial process by repeatedly litigating the same issue in the same court.'" *Id.* at 1345. This Court has recognized that "a frivolous appeal must be more than one that has little merit." *Id.* This Court's Practice Notes to Rule 38 provide that "an assertion that an appeal is frivolous must be accompanied by citation to the opposing brief or the record below with clear argument as to why those citations establish that the appeal is frivolous." Fed. Cir. R. App. P. 38, Practice Notes.

## IV.   ARGUMENT

Defendants argue that Plaintiffs' appeal is frivolous "as filed" and "as argued" because there is no basis for reversal in law or fact, citing the Federal Circuit's order vacating the injunctions and the District Court's later denial of Plaintiff's renewed motion for injunctive relief and grant of summary judgment to Defendants. (Motion at 10-22.) According to Defendants, Plaintiffs' arguments that the District Court erred in its application of the ordinary observer test and improperly resolved facts that should have gone to a jury mischaracterize the authority and are an attempt to relitigate issues already adjudicated. (Motion at 11, 20, 22.) Defendants' arguments have no merit. Plaintiffs' appeal is supported by the record, controlling law, the facts, and cogent argument.

**A. This Appeal Is Not Frivolous As Filed.**

Contrary to Defendants' contention that Plaintiffs appeal is frivolous as field because there is no basis in law or fact for the appeal, Plaintiffs' arguments that the District Court misapplied the ordinary observer test, improperly considered the hourglass shape, and erroneously resolved disputed facts are not based on laws and issues already determined by the Federal Circuit. (Motion at 10-11.)  Defendants again heavily rely on the Federal Circuit's opinion where this Court found that Plaintiffs were not likely to succeed on success of the merits <u>at the preliminary injunction stag</u>e, arguing that this Court "concluded that Defendants-Appellees' accused products are not similar to Plaintiffs-Appellants' patents-in-suit." (Motion at 11-12.)  Where Defendants do cite to the record, they cite solely to the Federal Circuit's orders and District Court's rulings after remand in arguing that this appeal is frivolous as filed.  (Motion at 11-14.)

It is telling that Defendants failed to cite to the Federal Circuit's opinion where such "conclusion," that the Defendants' products are not similar to the patents-in-suit, is found—that is because this Court did not make any findings as to substantial similarity or dissimilarity in the context of a ruling on the merits of the alleged infringement—the Court's statements regarding dissimilarity was made while describing how the District Court's aggregate analysis of the accused products was insufficient. *ABC Corp. I*, 52 F.4th at 942-45.

To be sure, this Court's statement from *ABC Corp. I* that, "[e]ven a cursory review of the four accused products shows that they are different from each other, display features not found in the asserted patents, and lack features shown in the asserted patents" was not made in the context of a ruling on the merits of infringement, nor did not hold or state at that stage that summary judgment should be granted. Both Plaintiffs, in their Reply Brief on appeal, (ECF 27 at p. 26), and the District Court, in its Order, (Order at 11), explained this to Defendants, yet Defendants continue to prominently rely on this out-of-context statement, now claiming that it somehow renders Plaintiffs' appeal frivolous. (Motion at 11-14.) Defendants' Motion makes it seem as if this Court remanded and directed the District Court to enter summary judgment on non-infringement, or even ruled on substantial similarity in the context of the alleged infringement, and then Plaintiffs appealed in light of such mandate or holding. (Motion at 11-14.) That is not the case—this Court did not find or hold anywhere in its order vacating the preliminary injunctions that the asserted and accused designs are plainly dissimilar such that summary judgment of non-infringement should be granted. *See ABC Corp. I*, 52 F.4th at 944-45. Rather, this Court conducted the threeway analysis comparing the accused products, patented designs, and accused products to identify the dominant or "background" feature and then directed the District Court to properly apply the ordinary observer test and conduct a product-by-product analysis. *Id*. at 943-45. On

remand, the District Court did conduct a product-by-product analysis, but Plaintiffs identified legal error in the District Court's analysis and application of the ordinary observer test that they properly raised on appeal. (Dkt. No. 21 at 18, 22, 28, 31, 34, 35, 37).

Further, in light of the roadmap provided by the Federal Circuit in its prior decisions, Plaintiffs on their renewed motion for a temporary restraining order and preliminary injunction included an in-depth patent and product analysis that accounted for all relevant prior art and showed the substantial similarity of the designs as a whole. (Appx7617-7619.) The Court did not agree with Plaintiffs' expert or their arguments, but Plaintiffs' expert was not excluded or found to be unreliable in any order by the District Court. (Appx20, Appx10371-10552.) *See also* Order at 11. The fact that the Court did not ultimately adopt Plaintiffs' expert's new opinion or that the district court previously vacated the preliminary injunctions does not mean that the District Court did not err in its later ordinary-observer-analysis or that the positions Plaintiffs have taken are frivolous. The District Court explained all of this in its Order, which Defendants did not appeal, but instead decided to reargue in the present Motion.

Moreover, the "frivolous as filed" standard applies when an appeal is filed and grounded on arguments "that are beyond the reasonable contemplation of fair-minded people, and 'no basis for reversal in law or fact can be or is even arguably

shown.'" *Abbs v. Principi,* 237 F.3d 1342, 1345 (Fed. Cir. 2001) (quoting *Mor-Flo Indus., Inc.,* 948 F.2d at 1578). The cases cited by Defendants do not show that Plaintiffs' appeal is frivolous as filed. Examples of "frivolous as filed" appeals identified in *Finch* and the other cases include where a party has: appealed a decision by the lower tribunal that is obviously correct, *Finch v. Hughes Aircraft Co.,* 926 F.2d 1574, 1578-79 (Fed. Cir. 1991); filed a "complete loser," in which most of the appeal is "patently groundless," *id.*; appealed a summary judgment motion with a declaration so "woefully inadequate" as to provide no basis to find in the appellant's favor; *See S. Bravo Sys., Inc. v. Containment Techs. Corp.,* 96 F.3d 1372, 1376, (Fed. Cir. 1996); and submitted briefs that ignore precedent and citing no authority whatsoever to provide a possible basis for the appeal, *Finch*, 926 F.2d at 1918. None of this conduct has occurred here.

Defendants argue that there is no basis for reversal in law because the grant of summary judgment is consistent with this Court's prior order. (Motion at 14.) This is illogical, as the Federal Circuit's prior order was on a different procedural posture and did not foreclose that a reasonable juror could find the designs substantially similar. Instead, as explained above, the Federal Circuit directed the District Court to conduct a product-by-product analysis. In their appellate briefs, Plaintiffs explained how the District Court misapplied the ordinary observer test by placing too much emphasis on small designs and minute features, rather than

considering the overall impression. (ECF 21 at 18, 22, 28, 31, 34, 35, 37, 39; ECF 27 at 5, 8, 16, 21, 25, 27.) In the Order from which Plaintiffs appeal, the District Court cited the standard to apply the ordinary observer test, but failed to properly apply it—it is not "plainly correct and consistent" with this Court's Order dated October 28, 2022, but rather contains reversible legal error. (Motion at 14.) *See ABC Corp. I*, 52 F.4th at 944-45.

Further, Defendants' argument that there is no basis for reversal in fact because Mr. Hatch's expert reports "have been repeatedly criticized and rejected by the Federal Circuit and the District Court" is a straw-man argument that itself is not based in fact. While Mr. Hatch's early opinions may have been criticized, Plaintiffs submitted an updated report, that had neither been criticized nor rejected by the Federal Circuit, and was not "repeatedly criticized and rejected" by the District Court. (Appx7658-7712, Appx9536-9649.) Plaintiffs had a basis in law and fact to appeal the District Court's grant of summary judgment, and their appeal was not frivolous as filed.

**B. This Appeal Is Not Frivolous As Argued.**

Defendants next argue that Plaintiffs' appeal is frivolous as argued. (Motion at 15.) Defendants, however, do not explain precisely what alleged post-filing conduct renders the appeal frivolous with citations to the record or Plaintiffs' briefs, but rather attempt to re-argue the merits of this pending appeal and assert arguments

suited for a sur-reply, which Defendants did not seek leave to file.  (*See, e.g.*, Motion

at 15-17; Fed. R. App. P. 28(c).)

The Federal Circuit has recognized the following types of post-filing conduct

to be frivolous under Rule 38: "submitting rambling briefs that make no attempt to

address the elements requisite to obtaining reversal," *Finch,* 926 F.2d 1574; "filing

numerous documents containing irrelevant arguments and authority," *id.*; "seeking

to relitigate issues already adjudicated," *id.*; "failing to explain how the lower

tribunal erred or to present clear or cogent arguments for overturning the decision

below," *id.* at 1918-19; "failing to exclude from the appeal individual opponents as

to whom there is no basis for appeal," *id.* at 1919; "rearguing frivolous positions for

which sanctions had already been imposed in the trial forum," *id;* "making irrelevant

and illogical arguments," *Abbs*, 237 F.3d at 1345; citation of inapplicable or

irrelevant authorities, *id.*; "failing to cite authority and ignoring opponent's contrary

cited authority," *id..*; "distorting cited authority by omitting language from

quotations," *id.*; and "misrepresenting facts or law to the court," *Finch*, 926 F.2d at

1574.  Again, none of this conduct has occurred in this appeal.

Defendants argue that Plaintiffs' arguments distort the record, citing to three

differences between the designs in the record that Plaintiffs did not "mention" in

their brief.  (Motion at 17).  As Defendants acknowledge, Plaintiffs' argument is that

the district court placed too much emphasis on minor features while discounting the

overall impression of the designs and erred in considering the hourglass shape in viewing the designs' differences (when it should be "mere background" rather than the focus of the infringement analysis) and in rejecting Plaintiffs' argument that these differences were merely trivial styling details that the ordinary observer would not notice and or focus on.  (Motion at 11; Appx17-19.)  Plaintiffs did not "fail to mention" these differences; Plaintiffs argued that these differences were examples of the District Court's error in its failure to consider the designs as a whole.  Indeed, Plaintiffs' briefing discusses these minor "differences" that the District Court improperly relied on in multiple places.  (Dkt. 21 at p. 24, 32, 33-37, 45-49.)  Plaintiffs' argument that the District Court failed to properly consider the designs as a whole and improperly focused on trivial details and minor differences in contravention of Federal Circuit precedent, is not frivolous as argued.

Defendants' assertion that Plaintiffs' claims that the District Court erroneously resolved facts likewise fails to demonstrate this appeal is frivolous.  (*See* Motion at 18-22.)  First, Defendants argue that Plaintiffs' position that the District Court should not grant summary judgment when the accused products are not plainly dissimilar with the patents-in-suit is clearly wrong and contrary to the Federal Circuit's authorities. (Motion at 18.)  Defendants misconstrue Plaintiffs' argument, which is not contrary to established law, but rather directly in line with the Federal Circuit's directive in *Egyptian Goddess*.  *See Egyptian Goddess, Inc. v. Swisa, Inc.*,

543 F.3d 665 (Fed. Cir. 2008). It is clearly established that where two designs are not plainly dissimilar, the ordinary observer test applies to determine whether an ordinary observer would find the designs substantially similar. *Id.* at 670. No court has held that the accused products in this case are plainly dissimilar to the patents-in-suit, as such, under *Egyptian Goddess*, the ordinary observer test is applied. Importantly, and key to Plaintiffs' argument, where there are disputes of material fact as to what features an ordinary observer might focus on or whether an element of the accused designs would give a different visual impression than the patented design, such as the questions of fact raised by Plaintiffs' experts' opinions, the question of infringement should be presented to a jury. *See* ECF 27; *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1131 (Fed. Cir. 2019). The District Court, in the order from which Plaintiffs appeal, found that no reasonable juror could find that the accused products are substantially similar *after* its improper application of the ordinary observer test. (Appx15-17.) Just because Defendants disagree that the District Court's analysis was erroneous does not make the appeal frivolous.

Defendants next argue that the appeal is frivolous as argued because there are no disputes of material fact, because Plaintiffs relied solely on the "unreliable and rejected expert reports." (Motion at 19.) Again, Defendants misstate the record—they moved to exclude Plaintiffs' expert, but the Court dismissed their motion as

moot.  (Appx15-17.)  Just because the District Court did not adopt Mr. Hatch's opinions, does not mean the arguments raised by Plaintiffs were frivolous.  Indeed, in rejecting Defendants' same arguments, the District Court expressly found that Mr. Hatch's updated report was "not so devoid of substance that it warrants a finding of exceptionality."  (Order at 11.)

Finally, Plaintiffs' appeal is not an attempt to re-litigate issues, as Defendants argue.  (Motion at 22.)  Again, as Defendants' acknowledge, Plaintiffs' argument on appeal is that the District Court misapplied the ordinary observer test in granting summary judgment of non-infringement.  (Motion at 15.)  However, in arguing that Plaintiffs' appeal is frivolous, Defendants rehash the procedural history of this case on Plaintiffs' motions for preliminary injunctive relief.  (Motion at 20-22.)  The District Court's and Federal Circuit's prior analyses and orders regarding likelihood of success of infringement at the preliminary injunction and on different expert reports and opinions than were before the District Court for summary judgment are not relevant to Plaintiffs' argument that the District Court misapplied the ordinary observer test on remand.  Nor does the fact that the arguments Plaintiff raised on summary judgment were ultimately unavailing demonstrate that this appeal is frivolous.  *See, e.g.*, Order at 10-12.

As the District Court explained in rejecting Defendants' arguments that Plaintiffs raised frivolous arguments, while Plaintiffs did not prevail, their arguments

"did not stand out as objectively unreasonable or offered in bad faith." (Order at 11.) Plaintiffs' appeal cited to the admissible and conflicting evidence, including Mr. Hatch's post-remand opinions, and explained how a genuine dispute of material fact existed that should have precluded summary judgment. Defendants have not shown that such arguments are frivolous. Sanctions are not warranted, as Plaintiffs raised legitimate arguments pointing out legal errors that warrant reversal of the District Court's grant of summary judgment.

## V.    CONCLUSION

In view of the foregoing, Plaintiffs respectfully request that the Court deny Defendants' motion for sanctions.

Dated: August 12, 2024                     Respectfully submitted,

By:   /s/ Richard J.L. Lomuscio
      Richard J.L. Lomuscio
      STINSON LLP
      100 Wall Street
      Suite 201
      New York, NY 1005
      Telephone: 646.883.7675
      richard.lomuscio@stinson.com

      Adrianna M. Chavez
      STINSON LLP
      1850 N. Central Ave.
      Suite 2100
      Phoenix, AZ 85004
      adrianna.chavez@stinson.com

      *Attorneys for Plaintiffs-Appellants*

## <u>CERTIFICATE OF COMPLIANCE WITH<br>TYPE-VOLUME LIMITATIONS</u>

The foregoing filing complies with the relevant type-volume limitation of the

Federal Rules of Appellate Procedure and Federal Circuit Rules because it has been

prepared using proportionally-spaced typeface and includes 3,668 words.

Dated: August 12, 2024                    Respectfully submitted,


By:   /s/ Richard J.L. Lomuscio
        Richard J.L. Lomuscio
        STINSON LLP
        100 Wall Street
        Suite 201
        New York, NY 1005
        Telephone: 646.883.7675
        richard.lomuscio@stinson.com

        Adrianna M. Chavez
        STINSON LLP
        1850 N. Central Ave.
        Suite 2100
        Phoenix, AZ 85004
        adrianna.chavez@stinson.com

        *Attorneys for Plaintiffs-Appellants*

**ATTACHMENTS - TABLE OF CONTENTS**

| ECF No. | Description | Pages |
|---------|-------------|-------|
| 721 | Order Denying Defendants' Motion for Sanctions | 1-17 |

Case: 1:20-cv-04806 Document #: 721 Filed: 08/12/24 Page 25 of 41 PageID #:18328

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. and UNICORN GLOBAL, INC., | No. 20 C 4806 |
| Plaintiffs, | Judge Thomas M. Durkin |
| v. | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court are motions for damages, fees and costs, and an appeal bond by Gyroor-US, Gyroor, Urbanmax, Gaodeshang-US, Fengchi-US, Gyroshoes, Jiangyou-US, HGSM, and Shenzhen Yanjingmaoyi Co., Ltd. ("Defendants"), and Plaintiffs' related motion to return the bond required when the Court entered the preliminary injunctions. For the following reasons, the Court grants in part and denies in part Defendants' motions [696, 706, 709] and denies Plaintiffs' motion [653].

## Background

In August 2020, Plaintiffs brought this suit alleging that the defendants' "hoverboard" products infringed on Plaintiffs' design patents. The Court entered a preliminary injunction to enjoin the defendants, including Gyroor-US and Jiangyou-US, from further sale of the allegedly infringing products on November 24, 2020,

1

which was modified on December 23, 2020. R. 113, 147. Plaintiffs thereafter amended the complaint to add defendants Gyroor, Urbanmax, Fengchi-US, HGSM, Gaodeshang-US, and Gyroshoes. R. 227, 253. The Court subsequently granted a second preliminary injunction on October 13, 2021. R. 456. To secure the injunctions, Plaintiffs posted a bond in the amount of $156,000 on October 2, 2020 and a bond in the amount of $94,000 on August 26, 2021. R. 42, 360. Notwithstanding the injunctions, Gyroor-US, Gyroor, Urbanmax, Fengchi-US, HGSM, Gaodeshang-US, Jiangyou-US, and Gyroshoes continued selling allegedly infringing products through "Gyroor"-associated Amazon storefronts. The Court held these defendants in contempt for the violations on October 6, 2021. R. 444.

Third-party respondent Shenzhen Yanjingmaoyi Co., Ltd. ("Yanjin-US") moved to vacate the preliminary injunction on May 16, 2022. R. 535. The Court held that Yanjin-US's inclusion in the October 2021 injunction order was an error, dissolved the injunction as to Yanjin-US, and deferred ruling on the issue of damages. R. 558. Shortly thereafter, the Court granted defendant Jiangyou-US's motion to dismiss for lack of personal jurisdiction. R. 561.

The injunctions otherwise remained in effect until the Federal Circuit vacated them on October 28, 2022. *See ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 51 F.4th 1365 (Fed. Cir. 2022) (R. 590); *ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 52 F.4th 934 (Fed. Cir. 2022) (R. 587). Following these rulings, Plaintiffs filed a renewed motion for injunctive relief, which the Court denied after a hearing. R. 592, 619, 626.

On January 12, 2024, the Court granted summary judgment for Gyroor-US, Gyroor, Urbanmax, Gaodeshang-US, Fengchi-US, Gyroshoes, and HGSM. R. 686. Plaintiffs appealed, R. 691, but four motions remain pending before this Court: (1) Plaintiffs' motion for the release of the bond paid in connection with the prior preliminary injunctions (R. 653); (2) Defendants' motion for damages for the issuance of the preliminary injunctions (R. 696); (3) Defendants' motion for attorneys' fees and costs (R. 709); and (4) Defendants' motion for an appeal bond (R. 706).[1]

## Discussion

### I.    Motion for Damages

Defendants seek damages for the vacated injunctions. In this Circuit, "a prevailing defendant is entitled to damages on the injunction bond unless there is a good reason for not requiring the plaintiff to pay in a particular case." *Coyne-Delany Co., Inc. v. Capital Dev. Bd. of State of Ill.*, 717 F.2d 385, 391 (7th Cir. 1983). Here, Defendants are indisputably the "prevailing" parties. Thus, the Court is guided by the "implicit presumption" in favor of awarding injunction damages and factors such as "the resources of the parties, the defendant's effort or lack thereof to mitigate his damages, and the outcome of the underlying suit." *Id.*

Plaintiffs nonetheless argue there is "good reason" for not making them pay. First, they say that Defendants were not "wrongfully enjoined or restrained," as required to recover damages on the bond. Fed. R. Civ. P. 65(c) (allowing courts to

---

[1] There is some dispute about the classification of certain parties bringing the latter three motions as "defendants" versus "third-party respondents." For ease of reference in this opinion, the Court refers to the parties collectively as "Defendants."

issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained"). Plaintiffs contend that just because the Federal Circuit vacated the injunctions does not mean Defendants were "wrongfully enjoined." The Court does not see the distinction Plaintiffs seek to draw. The Federal Circuit ruled that the preliminary injunctions entered by this Court should not have been entered. *See generally* R. 587, 590. That is another way of saying Defendants were wrongfully enjoined.

Next Plaintiffs argue there is "good reason" for denying injunction damages because Defendants did not comply with the injunctions. To be sure, Defendants (except Yanjin-US) sold allegedly infringing products while they were subject to injunctions, and the Court thus held them in contempt. R. 444. Yet Defendants were still wrongfully enjoined, and Plaintiffs cite no authority for the proposition that such noncompliance precludes damages altogether. Instead, those sales bear on the *amount* of damages that Defendants are entitled to.

"Established doctrine has it that the damages payable to a person injured by an erroneously issued injunction cannot exceed the amount of the bond." *Roche Diagnostics Corp. v. Med. Automation Sys., Inc.*, 646 F.3d 424, 428 (7th Cir. 2011) (citations omitted). But Defendants are not automatically entitled to the amount of the bond; they still have to prove the amount of their damages. *See Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 888 (7th Cir. 2000). While damages on the injunction bond need not be proved "to a mathematical certainty," it also cannot be

speculative. *Triumph v. Ward*, No. 11 C 7927, 2011 WL 6754044, at *5 (N.D. Ill. Dec. 22, 2011) (citations omitted).

Here, Defendants have offered sufficient proof of at least $250,000 in damages. They claim $5,256,242 in lost profits and prejudgment interest for the time the injunctions were in effect: Gyroor-US: $2,742,508; Gyroor: $824,866; Urbanmax: $81,429; Gaodeshang-US: $18,071; Fengchi-US: $461,068; Gyroshoes: $355,698; HGSM: $92,036; Jiangyou-US: $646,017; Yanjin-US: $34,539. Defendants' expert Stacy Kinsel, a Certified Public Accountant and Certified Fraud Examiner, arrived at these values by projecting monthly sales using historical sales data from Amazon for the months preceding the injunctions, deducting expenses, and adding prejudgment interest accrued to the date judgment was entered in their favor or they were dismissed. It does not appear that Kinsel deducted the profits from the sales Defendants made in violation of the injunctions. *See* R. 473, 699. Even so, if the Court were to deduct the reported sales from the requested damages, the amount would still be well above the $250,000 ceiling. Plaintiffs argue that the report assumes customer demand, and therefore the analysis is speculative. But that assumption is a fair one in light of the preceding sales data. Defendants' analysis goes far beyond mere assertions by counsel as to the claimed damages. *Cf. Triumph*, 2011 WL 6754044, at *5 (declining to award damages where claim based solely on counsel's unsupported assertions).

Defendants ask for damages in excess of $250,000. The Court may only award damages in excess of the bond if Plaintiffs acted in bad faith. *Coyne–Delany*, 717 F.2d

at 393–94. Defendants frame this suit as "objectively baseless and subjectively motivated by bad faith," and an "anticompetitive weapon against [the] Gyroor brand." R. 697 at 16. In support, they point to the lack of notice as to the November 2020 injunction, the inclusion of Yanjin-US and the G11 model in the October 2021 injunction order, and Plaintiffs' renewed motion for injunctive relief after the Federal Circuit's rulings.

As the Court previously ruled, Yanjin-US should not have been included in the October 2021 injunction. Plaintiffs included Yanjin-US in the chart of "seller aliases" in their proposed injunction order. The evidence supports that Yanjin-US's inclusion was, at least initially, inadvertent. Yanjin-US does sell Gyroor-branded products. R. 697 at 16-17. Plaintiffs became aware in March 2022 that Yanjin-US never sold any of the allegedly infringing products and therefore should not have been included in the injunction. To be sure, on April 4, 2022, Plaintiffs' former counsel contacted Amazon stating its position that Yanjin-US should not have its assets restrained. But it misrepresented its role in the mistake. *See* R. 536-4 ("we never requested that your client's assets be restrained"). Plaintiffs now say that the broad release Yanjin-US requested was not appropriate because Yanjin-US was not a named defendant and they had already advised Amazon that its assets should not be restrained. Yet, Plaintiffs' counsel never sought to dissolve the injunction as to Yanjin-US, even when it appeared that Amazon was not acting in accordance with their request to release the assets weeks after it was made. *See generally* 536-4. Nor did Plaintiffs' counsel inform the Court of the injunction's overbreadth. Instead, Plaintiffs forced Yanjin-US

6

to file a motion to vacate on May 16, 2022, two months after they became aware of the mistake. That was not in good faith.

Defendants raise a similar challenge with respect to the "fraudulent" inclusion of the "G 11 model" in the injunction order. R. 697 at 17–20. They contend that because the G 11 model was not mentioned in the motion papers, and it should not have been subject to the injunction. But it was included in the motion papers. The G 11 model was identified as an allegedly infringing product in the "Store and Website" list and accompanying screenshots. *See* R. 383-3. Defendants further argue that the differences between the G 11 model and the other accused products show Plaintiffs' deliberate misconduct. Plaintiffs' argument to the contrary was ultimately unsuccessful but it was by no means frivolous or in bad faith.

Likewise, Defendants have not shown that Plaintiffs' other missteps were "willful and intentional" or that the non-meritorious arguments in favor of the injunctions were "fraudulent." R. 697 at 17–20. Plaintiffs' addition of new parties was aimed at precluding Defendants from circumventing the injunctions through "pop up" storefronts. Indeed, there was no real dispute that Defendants (other than Yanjin-US) were responsible for the sales. *See generally* R. 444. Plaintiffs' effort to ensure Defendants' compliance with the existing injunction was not fraudulent. Additionally, Plaintiffs' renewed motion for injunctive relief reflects an effort to cure the deficiencies identified by the Federal Circuit. Though the motion was denied after a day-long evidentiary hearing with expert witnesses on both sides testifying, it was not so frivolous that it "connot[es] not just a lack of merit but so great a lack as to

suggest that the suit must have been brought to harass rather than to win." *Coyne-Delany*, 717 F.2d at 390; *cf. qad inc. v. ALN Assocs., Inc.*, 781 F. Supp. 561 (N.D. Ill. 1992) (plaintiff deceived the court by seeking to enjoin the defendant from copying a work in which the plaintiff knew it had no copyright).

Defendants also urge the Court to award damages beyond $250,000 because they twice moved to increase the bond. First, they orally moved to increase the bond from $250,000 to $500,000. Defendants made that request without any support for the amount, but rather generally asserted "drastic, irreparable harm" to Defendants. *See* R. 399 at 9–10. The Court denied that oral request, *id.*, and Defendants did not seek reconsideration of that ruling, nor appeal it. Gyroor-US also moved to increase the bond to $628,295.60 well after filing its appeal. R. 576. That motion became fully briefed approximately eight weeks before the Federal Circuit vacated the injunctions. After the Federal Circuit's rulings, the Court properly denied the motion to increase the bond as moot. R. 603; *see also Mead Johnson & Co. v. Abbott Lab'ys*, 209 F.3d 1032, 1033 (7th Cir. 2000) (courts cannot increase the bond after the injunctions have been set aside). Defendants were certainly free to bring the motion when they did. But by waiting over a year after filing their appeals, they risked the Federal Circuit vacating the injunctions before this Court could rule on their motion.

When the injunctions were vacated, the bond was $250,000, so that is the maximum possible damages on the wrongly entered injunctions for Defendants other than Yanjin-US. As such, the Court orders Plaintiffs to pay Defendants other than Yanjin-US $250,000 in damages, to be divided among them in a manner

commensurate with their pro rata share of lost profits and to pay Yanjin-US $34,539. With that ruling, Plaintiffs' motion for the return of bond is denied as moot.

II.     Motion for Attorneys' Fees and Costs

Defendants seek attorneys' fees under 35 U.S.C. § 285 and 28 U.S.C. § 1927, and costs under Federal Rule of Civil Procedure 54(d)(1).

A.  Costs

Beginning with costs, Rule 54(d)(1) provides that a prevailing party may obtain reimbursement for certain litigation costs at the conclusion of a lawsuit. "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (citation omitted). Here, Defendants seek costs in the amount of $41,135.53. They include invoices detailing costs of $10,751.97 for transcripts, $2,525 for appeal filing fees, $2,400 for interpreter services, and $25,458.56 for graphic design services. R. 712-2. Plaintiffs do not raise any argument in opposition to the award of costs under Rule 54(d)(1). In doing so, Plaintiffs have failed to carry their burden of showing that the costs are not appropriate, and otherwise waived their opposition. *See Beamon*, 411 F.3d at 864; *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir.2007) (failure to offer opposition to argument constitutes waiver). Therefore, the Court grants Defendants' request for costs.

B.  Fees

Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." An exceptional case is "one that stands out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). More specifically, "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 555. In addition, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* Ultimately, district courts "determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prod., Inc.*, 790 F.3d 1369, 1372 (Fed. Cir. 2015).

Defendants essentially raise three bases for an exceptional case finding: (1) Plaintiffs continued pursuing meritless claims and injunctive relief after the Federal Circuit vacated the injunctions and through the present appeal; (2) Plaintiffs abused the judicial process; and (3) Plaintiffs acted with improper motive. The Court addresses each in turn.

As to the first basis, Defendants characterize as frivolous and baseless Plaintiffs' motion for injunctive relief after the Federal Circuit vacated the existing injunctions, opposition to summary judgment, and appeal of this Court's granting of

10

summary judgment to Defendants. It is true that the Federal Circuit stated that "[e]ven a cursory review of the four accused products shows that they are different from each other, display features not found in the asserted patents, and lack features shown in the asserted patents." *ABC Corp. I*, 52 F.4th at 944. But it made that statement in the context of describing how this Court's analysis of the accused products in the aggregate was insufficient, not in the context of a ruling on the merits of the alleged infringement. And following the Federal Circuit's ruling, Plaintiffs sought to cure the deficiencies identified by the Federal Circuit with new patent- and product-specific analysis and updated expert analysis in their renewed motion for injunctive relief. The Court denied that motion after an evidentiary hearing, but Plaintiffs' position was not so devoid of substance that it warrants a finding of exceptionality. *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) ("[A] party's position on issues of law ultimately need not be correct for them to not 'stand out' or be found reasonable."); *Gaymar*, 790 F.3d at 1373 ("[F]ees are not awarded solely because one party's position did not prevail.").

The same goes for summary judgment. Though the arguments Plaintiffs raised in opposition were ultimately unavailing, they did not stand out as objectively unreasonable or offered in bad faith. *See Octane*, 572 U.S. at 548 (courts do not award section 285 attorney's fees "as a penalty for failure to win a patent infringement suit"); *FireBlok IP Holdings LLC v. Hilti, Inc.*, 855 Fed. Appx. 735, 739 (Fed. Cir. 2021) (affirming district court's finding after granting summary judgment to defendant that plaintiff's "litigation position did not rise to the level of exceptionality because

[plaintiff] had an infringement theory that it could plausibly support with objectively reasonable factual and legal bases"). Moreover, this Court takes no position on the merits of a pending appeal.

Similarly, Defendants argue that Plaintiffs have unreasonably prolonged the litigation and increased the cost of defending the suit by moving for injunctive relief after the Federal Circuit's rulings, opposing summary judgment, filing the pending appeal, and seeking the return of the bond. However, Plaintiffs' briefing on these motions was reasonably limited and timely, and its litigating positions—though unavailing—were not frivolous. There is no evidence that suggests Plaintiffs took these actions in an effort to prolong the litigation as opposed to simply litigating this case in the normal course. *Cf. Oplus Tech., Ltd. v. Vizio, Inc.*, 782 F.3d 1371, 1374 (holding that district court erred in denying section 385 fees where it found counsel's behavior "inappropriate, unprofessional, vexatious, and harassing" and plaintiff's "litigation positions, expert positions, and infringement contentions were a constantly moving target, a frustrating game of Whac-a-Mole throughout the litigation") (cleaned up).

Defendants further claim Plaintiffs abused the judicial process through a variety of actions. In particular, they point to the lack of proper notice for the injunctions, including Yanjin-US and the G 11 model in the injunction orders, and filing a new expert report in connection with the renewed motion for injunctive relief. As previously stated, with respect to the conduct in connection with the original injunctions, with the exception of Plaintiffs' handling of Yanjin-US, Plaintiffs did not

12

act in bad faith. While Plaintiffs' efforts in relation to enjoining Yanjin-US were inadequate, that specific conduct does not make this case stand out from the rest when considering the totality of the circumstances. Further, filing a supplemental expert report after the Federal Circuit's rulings, where Defendants had a full and fair opportunity to cross-examine the expert at a live hearing, is a far cry from vexatious and insufficient to support a finding of exceptionality.

Lastly, Defendants contend that Plaintiffs' multiple infringement suits against hoverboard sellers between August 2016 to March 2021 demonstrates their improper motive. True, "[a] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims is relevant to a district court's exceptional case determination under § 285." *SFA*, 793 F.3d at 1350. Yet "[t]he mere existence of . . . other suits does not mandate negative inferences about the merits or purpose of th[e present] suit," *id.* at 1351, and "motivation to implement the statutory patent right by bringing suit based on a reasonable belief in infringement is not an improper motive," *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1375 (Fed. Cir. 2017). Defendants have not shown that Plaintiffs had no intention of testing the merits of its claims or that their motivation was to harass or burden Defendants. The existence of these other infringement actions, standing alone, does not support an exceptionality finding.

In sum, the Court does not find this case to be exceptional. And for the same reasons, section 1927 sanctions are not due. *See* 28 U.S.C. § 1927 (an attorney "who

13

so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"); *see also Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184–85 (7th Cir. 1992) (cases in which this court has upheld section 1927 sanctions have involved situations in which counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders.").

III.    Motion for Appeal Bond

Defendants request an appeal bond in the amount of $100,000 for "expected appellate costs, administrative costs, and attorneys' fees for the length of the appeal period." R. 707 at 12. Federal Rule of Appellate Procedure 7 provides that "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. Federal Rule of Appellate Procedure 39 defines the costs on appeal that are taxable by the district court as "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a bond or other security to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Fed. R. App. P. 39(e). Attorneys' fees and the "administrative costs" that Defendants identify (witnesses and travel costs) do not fall into these categories.

As Defendants point out, the First, Second, Sixth, Ninth, and Eleventh Circuits have held that "costs on appeal" under Rule 7 extend beyond Rule 39 to "include[] all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's

14

fees." *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007) (collecting cases). While the Seventh Circuit has not opined on the issue, at least one district court has held to the contrary. *See Littlefield v. Mack*, 134 F.R.D. 234, 234 (N.D. Ill. 1991) (§ 1988 fees are not a cost of appeal within the meaning of Rule 7). But even under the majority view, the Court is under no obligation to order such a bond. There is no indication that Plaintiffs would be unable to pay Defendants' costs if their appeal is unsuccessful. Further, Defendants provided no supporting detail or documentation for their estimate, which shifted from $42,000 to $70,000 initially to $40,000 in reply. Accordingly, to the extent the Court has inherent authority to require an appeal bond that covers attorneys' fees, it declines to exercise it here.

Defendants also contend that the Court can require a bond that secures payment of amounts the appellate court may award under Federal Rule of Appellate Procedure 38. *See* Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee."). The Seventh Circuit, albeit in an unpublished order, has suggested that such a bond is not appropriate. In *Allen v. J.P. Morgan Chase Bank, NA*, No. 15-3425, 2015 WL 12714382, at *1 (7th Cir. Dec. 4, 2015), the Seventh Circuit stated that Rule 7 "refers specifically and only" to a bond "necessary to ensure payment of costs on appeal" and that "[s]pecial problems related to abuse . . . must be handled in other ways, primarily through a motion under [Rule] 38 for sanctions." Likewise, courts in this district have held that Rule 7 does not allow the district court to include in an appeal bond damages that the appellate court might later award under Rule 38. *See,*

*e.g.*, *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2017 WL 5514364, at *1 (N.D. Ill. Mar. 1, 2017); *In re Navistar Diesel Engine Prods. Liability Litig.*, No. 11 C 2496, 2013 WL 4052673, at *2 (N.D. Ill. Aug. 12, 2013). The Court agrees, and, without expressing any view on whether or not Plaintiffs' appeal is frivolous, declines to authorize a bond to cover any potential damages Defendants may be awarded under Rule 38.

Defendants estimate Rule 39 costs to amount to $5,000. While Plaintiffs highlight that Defendants did not provide supporting detail for this amount, the Court finds $5,000 to be a reasonable estimate of the taxable costs. *See Tennille v. W. Union Co.*, 774 F.3d 1249, 1257 (10th Cir. 2014) (Plaintiffs were entitled to a $5,000 bond to cover printing, copying, and record preparation costs); *Navistar*, 2013 WL 4052673, at *3 (ordering $5,000 bond for taxable costs). Therefore, the Court orders Plaintiffs to post an appeal bond in the amount of $5,000.

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part Defendants' motions for damages, attorneys' fees and costs, and an appeal bond and denies Plaintiffs' motion for the release of the bond. Plaintiffs are ordered to (1) pay Defendants other than Yanjin-US $250,000 in damages, to be divided among them in a manner commensurate with their pro rata share of lost profits; (2) pay Yanjin-US $34,539 in damages; (3) pay $41,135.53 to Defendants for costs; and (4) post an appeal bond in the amount of $5,000.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: July 2, 2024