No. 2024-1471, 2024-1472

---

## United States Courts of Appeals
## For the Federal Circuit

---

**ABC CORPORATION I and ABC CORPORATION II, EBAY INC.,**
*Plaintiffs,*

**HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD.,**
**UNICORN GLOBAL, INC.,**
*Plaintiffs-Appellants,*

**v.**

**THE PARTNERSHIP AND UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE "A", GYROOR US, TOMOLOO OFFICIAL,**
**TOMOLOO INE, TOMOLOO FRANCHISE, TOMOLOO-US, TOMOLOO,**
*(For Continuation of Caption See Inside Cover)*

---

Appeal from the United States District Court for the Northern District
of Illinois, Chicago Case No. 1:20-cv-04806, Judge Thomas M. Durkin

---

### DEFENDANTS-APPELLES' REPLY IN SUPPORT OF MOTION FOR
### SANCTION

Tao Liu
tao.liu@glacier.law
**Glacier Law LLP**
41 Madison Avenue, Suite 2529
New York, NY 10010
Tel: +1332-208-8882

Tianyu Ju
iris.ju@glacier.law
**Glacier Law LLP**
251 S Lake Ave., Ste. 910
Pasadena, CA 91101
Tel: +1 312-448-7772

*Counsel for Defendants-Appellees*

DATED: August 19, 2024

**FLAGSHIP, TOMOLOO TC, TOMOLOO DX, TOMOLOO INT, URBANMAX, GAODESHANGUS, FENGCHI-US, TOMOLOO, also operating standalone websites as Tomoloo.com and Tomolooscooter.com, GYROOR, also operating standalone websites as Gyroor.com and gyroorboard.com, TOMOLOO-NX, AOXTECH, BETTER TOMOLOO, HGSM STOREFRONT, HGSM, GYROSHOES,**

*Defendants*

**GYROOR US, URBANMAX, GAODESHANGUS, FENGCHI-US, GYROOR, also operating standalone websites as gyroor.com and gyroorboard.com, HGSM, GYROSHOES,**

*Defendants-Appellees*

**YANJIN-US,**

*Respondent.*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................ i

TABLE OF AUTHORITIES ................................................... ii

I.    INTRODUCTION ....................................................... 1

II.   ARGUMENTS .......................................................... 2

  A.  PLAINTIFFS-APPELLANTS' APPEAL IS FRIVOLOUS AS FILED. ........................ 2

  B.  PLAINTIFFS-APPELLANTS' APPEAL IS FRIVOLOUS AS ARGUED. ..................... 6

  C.  THE COURT SHOULD AWARD SANCTIONS, BOTH FOR COMPENSATION AND

      DETERRENCE. ......................................................... 10

III.  CONCLUSION .......................................................... 10

CERTIFICATE OF SERVICE ........................................... 12

CERTIFICATE OF COMPLIANCE ................................... 13

# <u>TABLE OF AUTHORITIES</u>

**Case**                                                                                            **Page**

*ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*,
     52 F.4th 934 (Fed. Cir. 2022) ...................................................................*passim*

*Crocs, Inc. v. Int'l Trade Comm'n*,
     598 F.3d 1294 (Fed. Cir. 2010) ........................................................................4

*Finch v. Hughes Aircraft Co.*,
     926 F.2d 1574 (Fed. Cir. 1991) ........................................................................5

*In re Gen. Elec. Co. Sec. Litig.*,
     998 F. Supp. 2d 145 (S.D.N.Y. 2014) .............................................................2

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
     572 U.S. 545(2014).............................................................................................1


**Rules**

Fed. R. App. P. 38......................................................................................................1

Defendants-Appellees Gyroor-US, Gyroor, Urbanmax, GaodeshangUS, Fengchi-US, Gyroshoes, and HGSM (collectively as "Defendants-Appellees") hereby reply to Plaintiff-Appellants Hangzhou Chic Intelligent Technology Co., Ltd. and Unicorn Global, Inc.'s ("Plaintiffs-Appellants") responses in opposition to Defendants-Appellees' motion for sanctions pursuant to Rule 38 of the Federal Rules of Appellate Procedure ("Response").

## I.    INTRODUCTION

In their Response, Plaintiffs-Appellants improperly relied on the District Court's recently Orde denying Defendants-Appellees' motion for exceptional case pursuant to 35 U.S.C. § 285, in support of their argument that their appeal is not frivolous. However, it is apparently incorrect because the basis and legal standards for the exceptional case and frivolous appeal are entirely different. While "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated, " *Octane Fitness, LLC v. ICON Health & Fitness, Inc*., 572 U.S. 545-546 (2014), the courts generally consider the following factors in determining whether an appeal bond is appropriate: (1) the appellant's financial ability to post a bond; (2) the merits of the appeal; (3) whether the appellant has shown any bad faith or vexatious conduct; and (4) the risk that the appellant will not pay the costs if the

1

appeal is unsuccessful. *In re Gen. Elec. Co. Sec. Litig.*, 998 F. Supp. 2d 145, 153 (S.D.N.Y. 2014). Contrary to Plaintiffs-Appellants' position, the District Court did grant Defendants-Appellees' motion for appeal bond and ordered Plaintiffs-Appellants to post an appeal bond in the amount of $5,000. *See* ECF No. 721, at p. 16.

Moreover, Plaintiffs-Appellants refused to admit that the Federal Circuit has opined that the Accused Products are not substantially similar to the Asserted Patents after applying the ordinary observer test, but asserted that this was not made in the context of a ruling on the merits of infringement. Plaintiffs-Appellants misrepresented the plain meaning of the Federal Circuit's language.

Finally, Plaintiffs-Appellants still relied on Mr. Hatch's unreliable expert report and alleged that the report was not excluded. However, the extremely flawed report cannot raise any dispute of material facts, or can be the reasonable foundation of Plaintiffs-Appellants' appeal, even if it was not excluded.

## II.    ARGUMENTS

### A.    Plaintiffs-Appellants' Appeal Is Frivolous as Filed.

Plaintiffs-Appellants' appeal is frivolous because there is no basis for reversal in law or fact can be or is even arguably shown. *Octocom Systems, Inc. v. Houston Computer Servs., Inc.,* 918 F.2d 937, 943 (Fed.Cir.1990). There was no basis for

reversing the District Court's summary judgment decision that the Defendants-Appellants' accused products do not infringe the patents-in-suit.

First, Plaintiffs-Appellants argue that the Federal Circuit's opinion was made while describing how the District Court's aggregate analysis of the accused products was insufficient and was not made in the context of a ruling on the merits of infringement. *See* Response, at pp. 7-8. It is incorrect and misrepresented the Court's opinion. This Court cited cases for the proper test to show design patent infringement. *ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 52 F.4th 934, 941 (Fed. Cir. 2022). It is true that this Court described the district court's insufficient analysis in the preliminary injunction order, but this Court also compared the accused products with the Asserted-Patents by applying the ordinary observer test and finding that the accused products display features not found in the asserted patents, and lack features shown in the asserted patents. *ABC Corp.* 52 F.4th at 945-946. This Court further provides a product-by-product comparison chart for the Accused Product D, as an example, to show that this product has prominent features that differ from the asserted patents. *Id*. Thus, this Court indeed has analyzed the merits of infringement and found that the accused products are not similar to the asserted patents and even different from each other. *Id*. However, Plaintiffs-Appellants deliberately ignore the plain meaning of the language but misstated that the statement "was not made in the context of a ruling on the merits of infringement."

3

*See* Response, at p. 8. In contrast to the Plaintiffs-Appellants 's intentional confusion

between a motion for an exceptional case and a motion for a frivolous appeal, which

are two entirely different motions based on entirely different standards, regardless

of whether it is at the preliminary injunction stage or the summary judgment stage,

the court must apply the ordinary observer test to analyze whether an ordinary

observer, familiar with the prior art designs, would be deceived into believing that

the accused product is the same as the patented design. *Crocs, Inc. v. Int'l Trade

Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010). Thus, this Court has concluded that

Defendants-Appellees' accused products are not similar to Plaintiffs-Appellants'

patents-in-suit.

Moreover, even though the District Court did not exclude Mr. Hatch's

untimely and unreliable expert report, the District Court has rejected Mr. Hatch's

analysis. The District Court criticized Mr. Hatch's analysis by stating that it "stops

at the fact that both the patents in suit and the accused products merely possess these

features" and "failed to conduct an analysis of whether these features themselves are

substantially similar in the manner of their design, which is where 'the focus' of the

analysis must be." (Appx9086). Then the District Court concluded in its order

denying the Plaintiffs-Appellants' Renewed Motion for Preliminary Injunction that

"a reasonable jury could find that the accused products are not substantially similar

to the patents-in-suit, such that an ordinary observer would not be deceived into

believing that the accused products are the same as the patented design".
(Appx9069). If Plaintiffs-Appellants truly believed that the Accused Products are
substantially similar to the Asserted-Patents, or Mr. Hatch's analysis is reliable, they
would have appealed the District Court's order denying their renewed motion for
preliminary injunction.

Therefore, the District Court's Order granting Defendants-Appellees' motion
for summary judgment consistent with the Federal Circuit's Order vacating the
preliminary injunction order and the District Court's Order denying Plaintiffs-
Appellants' renewed motion for preliminary injunction, is obviously correct. *Finch
v. Hughes Aircraft Co*., 926 F.2d 1574, 1578-79 (Fed. Cir. 1991).

Thus, Plaintiffs-Appellants have continued to challenge the affirmed laws and
argue the same issues that have been repeatedly decided, leaving no basis for reversal
in law on appeal.

Second, Plaintiffs-Appellants also argue that Mr. Hatch's updated report"
"had neither been criticized nor rejected by the Federal Circuit and was not
'repeatedly criticized and rejected' by the District Court." *See* Response, at p. 11.
Even though Mr. Hatch's report was not excluded by the District Court, it does not
change the fact that Mr. Hatch's "updated report" was untimely submitted five
months after the deadline. It is also undisputed that Mr. Hatch's analysis has been
rejected by the District Court in its order denying Plaintiffs-Appellants' renewed

motion for preliminary injunction. Mr. Hatch fails to "explain why simply featuring pronounced footings and open fenders means the accused products are substantially similar to the patents in suit while the prior art is in another 'ballpark.'" (Appx9085). Mr. Hatch's conclusory report is unreliable, inadmissible and cannot be the basis for Plaintiffs-Appellants' appeal. Thus, there is no basis for reversal on the facts.

## B.    Plaintiffs-Appellants' Appeal Is Frivolous as Argued.

Plaintiffs-Appellants' appeal is frivolous not only because it seeks to relitigate issues that have already been adjudicated, as illustrated above, but also because it is based on two arguments that lack any factual foundation or legal support.

First, Plaintiffs-Appellants rebut that they did not fail to mention the differences between the designs in the record. *See* Response, at, p. 12. However, as they accused the District Court's order, they did not explain how the accused products are similar to the patents-in-suit in light of these substantial differences. Plaintiffs-Appellants' arguments are merely repeated that these differences are minor but never explain why these differences are minor. Plaintiffs-Appellants and their expert's conclusory statements cannot establish the disputed facts. Plaintiffs-Appellants, again, tried to distort the record by stating that the District Court did not analyze the overall visual impression of the design as a whole. In fact, the District Court conducted a side-by-side analysis, showing that the accused products' relevant features—those other than the dominant hourglass shape—are all designed

6

differently from the features of any of the patents-in-suit, resulting in an overall effect that is not substantially similar to any of the patents-in-suit. (Appx7-17). The District Court evaluated differences in the fenders, the midpoint of the hourglass, and the designs of the footpads and lights in the context of the claimed design as a whole. By examining how the details of each design contribute to their overall effects, the District Court applied the ordinary observer test and concluded that "no reasonable juror could find [the accused products] to be substantially similar to any of the patents-in-suit". (Appx5-7).

Second, Plaintiffs-Appellants argue that Defendants-Appellees misstated their argument. It is Plaintiffs-Appellants statement that "Substantial Similarity in the Ordinary Observer Test is a Question for the Jury and Should Not Have Been Resolved on Summary Judgment." *See* Reply, at p. 25. Plaintiffs-Appellants also argue that there is disputes of material fact because of their expert report. However, , even if the updated expert reports were not excluded, they still fail to create any genuine factual disputes because they contain clear errors, which have been repeatedly criticized and rejected by both the Federal Circuit and the District Court.

Plaintiffs-Appellants argue that the District Court expressly found that Mr. Hatch's updated report was "not so devoid of substance that it warrants a finding of exceptionality," but they fail to explain why Mr. Hatch's reports should be considered credible or persuasive. Response, at, p. 15. The fact that the District Court

did not strike Mr. Hatch's analysis does not necessarily mean that there are genuine factual disputes in this appeal.

To begin with, Mr. Hatch's understanding of prior art is entirely incorrect. He contends that "[a]s I understand, the role of prior art is to help the finder of fact consider seemingly small or minor details that differentiate the patented design from the prior art". (Appx10384). Mr. Hatch relied on the alleged "integrated hourglass body" as the basis for his "substantially the same" conclusion. (Appx10414-10453). However, he failed to use the prominent common feature, the "hourglass shape", as the foundation for his analysis. Instead, he merely compared the prior art with the accused products and the patents-in-suit, concluding that the prior art gives a distinctly different impression. (Appx10414-10453). This approach clearly did not employ the correct method of comparison and ignored the significant differences between the accused products and the patents-in-suit.

Despite several impermissible amendments, Mr. Hatch continues to overlook the differences among the accused products. In his infringement analysis, he simply uses a cut-and-paste approach, replicating the same analysis across all comparisons between the various accused products and the patents-in-suit. (Appx10414, 10416, 10419, 10421-22, 10424, 10426-27, 10428-29, 10431, 10433-34, 10436, 10438-39, 10440-41, 10443, 10445, 10448, 10450-51, 10452-53). Mr. Hatch's analysis fails to account for the significant differences among the accused products themselves.

8

Furthermore, Mr. Hatch's report is conclusory. As the District Court pointed out in its order denying Plaintiffs-Appellants' Renewed Motion for Preliminary Injunction, "[t]he problem with Hatch's analysis is that he does not explain why simply featuring pronounced footings and open fenders means the accused products are substantially similar to the patents-in-suit while the prior art is in another 'ballpark'". (Appx9085). Mr. Hatch merely identified aspects such as flat surfaces, pronounced footings, and open-arched fenders featured in both the patents-in-suit and the accused products but "stops at the fact that both the patents-in-suit and the accused products merely possess these features". (Appx9086). Mr. Hatch "failed to conduct an analysis of whether these features themselves are substantially similar in the manner of their design, which is where 'the focus' of the analysis must be." *ABC Corp*, 52 F.4th at 942. Moreover, Mr. Hatch concluded that the accused products are not plainly dissimilar to the patents-in-suit without providing any substantive analysis or explanation. (Appx10413-10453). He ignored the undisputed facts that the accused products differ from each other, display features not found in the patents-in-suit, and lack features present in the patents-in-suit, as opined by the Federal Circuit. *ABC Corp. I*, 52 F.4th at 944.

Thus, Plaintiffs-Appellants' appeal is frivolous not only because it seeks to relitigate issues that have already been adjudicated, but also because their argument that the District Court failed to analyze the overall visual impression of the design

as a whole distorts the record, and their claim that there are genuine factual disputes to be determined by the jury is entirely unfounded.

## C.    The Court Should Award Sanctions, Both for Compensation and Deterrence.

Although the Federal Circuit rarely exercises its authority to sanction a party for a frivolous appeal, sanctions are appropriate here as this appeal is frivolous both as filed and as argued. Sanctions are appropriate both to compensate Defendants-Appellees for having to defend against this appeal, and to deter Plaintiffs-Appellants from filing additional frivolous appeals.

## III.    CONCLUSION

For the foregoing reasons, the Court should determine that Plaintiffs-Appellants' appeal is frivolous under Rule 38, and award Defendants-Appellees their attorneys' fees (including the fees incurred in filing this motion and in defending this appeal), and any other relief this Court deems appropriate.

Respectfully Submitted:

Date: 8/19/2024                          /s/ Tao Liu

Tao Liu
Tao.Liu@glacier.law
Glacier Law LLP
41 Madison Avenue, Ste 2529
New York, NY 10010

Tianyu Ju
Iris.Ju@glacier.law

Glacier Law LLP
251 S Lake Avenue, Ste 910
Pasadena, CA 91101

Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587
*Attorneys for Defendants-Appellees*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2024, I electronically filed the foregoing DEFENDANTS-APPELLEES' REPLY IN SUPPORT OF MOTION FOR SANCTION with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. Those who are not will be served by e-mail/regular mail.

Date: 8/19/2024        /s/ Tao Liu
                                   Tao Liu
                                   Tao.Liu@glacier.law
                                   *Counsel for Defendants-Appellees*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Fed. R. App. P. 27(d), the undersigned counsel for Defendants-Appellees certifies that the foregoing brief complies with the type-volume limitation and contains 2208 words, excluding the parts exempted by Fed. R. App. P. 32(f).

Date: 8/19/2024    /s/ Tao Liu

Tao Liu

Tao.Liu@glacier.law

*Counsel for Defendants-Appellees*